UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) 2:18-cr-00176-JDL-1<br>) |
| CHRISTOPHER MYSHRALL, | )<br>) |
| Defendant. | ) |

ORDER ON DEFENDANT'S MOTION FOR SENTENCING
VIA VIDEO TELECONFERENCE

On November 19, 2019, Christopher Myshrall pleaded guilty to one count of possession with intent to distribute a mixture or substance containing fentanyl. Myshrall was originally scheduled to be sentenced on April 9, 2020, but his sentencing hearing was continued due to the outbreak of COVID-19. The Court subsequently informed Myshrall that it would reschedule his sentencing hearing when the Court resumed in-court appearances, unless prior to that point, Myshrall filed a motion to proceed via video teleconference. On May 18, 2020, Myshrall filed such a motion (ECF No. 160). On July 9, 2020, I granted the motion and sentenced Myshrall to a term of imprisonment of twenty-four months. I indicated at the sentencing hearing that I would commit to writing the reasons for my decision to grant Myshrall's motion, and I do so now.

## I. BACKGROUND

Myshrall's motion invokes two interests embodied in the Federal Rules of Criminal Procedure that ordinarily do not conflict. Fed. R. Crim. P. 32(b)(1) provides

that the court must impose a sentence "without unnecessary delay," and Fed. R. Crim. P. 43(a)(3) requires that a defendant "must be present at . . . sentencing" for a felony conviction.[1] The defendant's presence must be physical and in-person. *United States v. Fagan*, No. 2:19-cr-123-DBH, 2020 WL 2850225, at *1, *2 (D. Me. June 2, 2020) (citing *United States v. Bethea*, 888 F.3d 864, 866–67 (7th Cir. 2018)). The COVID-19 pandemic has put these two interests somewhat at odds, as the highly contagious nature of the virus has made it temporarily impossible to conduct sentencing hearings in person. *See id.* at *3. The United States District Court for the District of Maine has not yet resumed in-person hearings, and it remains uncertain when it will do so.

In light of the pandemic, Congress authorized district judges to conduct pleas and sentencings by video teleconference where four conditions are met: (1) the Judicial Conference of the United States finds that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States;" (2) the chief judge of a district court covered by the Judicial Conference's finding specifically determines that "felony sentencings . . . cannot be conducted in person without seriously jeopardizing public

---

[1] These same interests may, in certain circumstances, also implicate due process concerns. *See Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016) (stating that, in appropriate circumstances, a defendant may seek recourse for an "inordinate delay in sentencing . . . under the Due Process Clauses of the Fifth and Fourteenth Amendments"); *United States v. Curtis*, No. 2:19-cr-00072-JAW, 2020 WL 3643122, at *2 (D. Me. July 6, 2020) ("[T]he United States Supreme Court held that 'due process clearly requires that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence.'" (internal quotation marks and citation omitted) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)).

health and safety;" (3) the defendant consents to video teleconferencing after consultation with counsel; and (4) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528–29 (2020). There is no dispute that the first three requirements are met here. *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic*, U.S. Courts (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic; General Order 2020-10, at 2 (D. Me. June 30, 2020). Thus, the appropriateness of conducting Myshrall's sentencing via video teleconference turns on the fourth condition, whether the Court finds "specific reasons" that Myshrall's sentencing "cannot be further delayed without serious harm to the interests of justice."

## II. ANALYSIS

Myshrall argues that delaying his sentencing would seriously harm the interests of justice primarily because his motion presents a non-frivolous argument that he should be sentenced to a term of imprisonment of eighteen months, which will amount to a sentence of time served and make him immediately eligible for release.[2] According to his Presentence Investigation Report, Myshrall's imprisonment range

---

[2] Myshrall also expressed his understanding of his right to be physically present in the courtroom for his sentencing and his decision, after consulting with his attorney, to proceed with a remote sentencing hearing.

3

under the U.S. Sentencing Guidelines is between 151 and 188 months, primarily due to his designation as a career offender. Myshrall argues that the two prior convictions giving rise to the career-offender designation resulted from incidents occurring within six months of each other involving small quantities of unlawful drugs, and, when considered in conjunction with the 18 U.S.C.A. § 3553(a) sentencing factors, do not warrant the imposition of a sentence within the career-offender Guidelines range. Without applying the career-offender designation, the Guidelines sentencing range is twenty-four to thirty months, a roughly six-fold decrease. Based on that Guidelines range, Myshrall further argues for a variant sentence of time served. The Government opposes the motion, arguing that a delay in sentencing will not harm the interests of justice because the Guidelines range for Myshrall's sentence, when accounting for the career-offender designation, is substantially longer than the eighteen-month, time-served sentence Myshrall seeks, and because the Government intends to recommend a sentence within that range.

"The judges of this District have found the CARES Act requirement for videoconference pleas and sentencings satisfied in particular cases where the government has requested a sentence only of time served, reasoning that extending imprisonment because the pandemic delays an in-person hearing would seriously harm the interests of justice in its deprivation of liberty." *Fagan*, 2020 WL 2850225, at *3; *see also id.* at *3 n.7 (noting that other district courts have adopted the same approach); *United States v. Curtis*, No. 2:19-CR-00072-JAW, 2020 WL 3643122, at *2 (D. Me. July 6, 2020) ("If the Court accepts the parties' recommendation of a time-

served sentence . . . , waiting to sentence [the defendant] until an unknown date when his physical presence in the courtroom would be safe might mean that he would be required to remain in prison beyond the recommended period of incarceration.").

The same logic applies where the defendant is the one requesting a sentence of time served. *See, e.g.*, *United States v. Dones*, No. 19 CR 169 (VM), 2020 U.S. Dist. LEXIS 91889, at *5 (S.D.N.Y. May 26, 2020) (taking into consideration whether the defendant was arguing for a time-served sentence); *United States v. Johnson*, No. 1:18-CR-00219-DAD-BAM, 2020 WL 3046531, at *1–2 (E.D. Cal. June 8, 2020) (same). Where a defendant voluntarily waives the right to be physically present at sentencing and requests a video teleconference hearing supported by a facially credible argument for a time-served sentence, the interests of justice could be seriously harmed by the denial of a hearing. Such a denial risks the potential that a defendant will be physically confined for a period longer than the period of imprisonment required by the sentence ultimately imposed by the Court. *See Curtis*, 2020 WL 3643122, at *2 (explaining that a delay in sentencing "could undermine public confidence in the Court and the judicial system," as it could potentially subject the defendant "to a greater period of incarceration than the nature and circumstances of the offense and [the defendant's] history and characteristics would ordinarily require"). I am not persuaded by the Government's counterargument that a video teleconference hearing should only be held if a strict application of the Sentencing Guidelines would result in a defendant receiving a time-served sentence. The Sentencing Guidelines are an important part of a court's sentencing analysis, but they are neither determinative

nor binding. *See United States v. Rodriguez*, 630 F.3d 39, 41 (1st Cir. 2010). Courts may depart or vary from the Sentencing Guidelines as an appropriate exercise of judicial discretion. *Id.*[3]

A delay in sentencing here could seriously harm the interests of justice in other ways too. The interests of justice include, among other things, the stress to the defendant caused by an indefinite delay in sentencing. *See United States v. Cohen*, No. 19cr741, 2020 WL 2539115, at *2 (S.D.N.Y. May 19, 2020) (quoting *United States v. Kelly*, 3:09-cr-00051, ECF No. 63 (N.D. Tex. April 2, 2020)). There is also the general risk that "an indefinite delay of the sentencing hearing could undermine the public's confidence in the judicial system, including the community, any victims, and the defendant's family."[4] *Id.* (quoting *Kelly*, 3:09-cr-00051, ECF No. 63).

### III. CONCLUSION

A sentencing conducted by video teleconference does not fully allow for the important interpersonal dynamics that are facilitated by holding important judicial proceedings in person, in a public courtroom. *See Curtis*, 2020 WL 3643122, at *2 ("[A] video sentencing is a pale replacement for an in-person sentencing . . . ."); *Fagan*, 2020 WL 2860225, at *2 (detailing the importance of in-person hearings). Nevertheless, any concerns regarding that deficiency do not outweigh the serious harm to the interests of justice that would be caused by a further delay in this case.

---

[3] For the reasons set forth on the record of the sentencing hearing, I did not adopt Myshrall's proposed sentence of time served or the Government's recommendation of a sentence within the Sentencing Guidelines range, and instead imposed a variant sentence of twenty-four months imprisonment to be followed by three years of supervised release.

[4] There are no identified victims in this matter, and I have determined that neither the public, the press, nor any victim would be prejudiced by holding Myshrall's sentencing via video teleconference.

Because Myshrall presents a credible argument supporting a video teleconference sentencing hearing, and no meaningful prejudice has been shown to the public interests associated with conducting sentencings in-person, Myshrall's motion for sentencing via video teleconference (ECF No. 160) is **GRANTED**.

    **SO ORDERED.**

    **Dated this 15th day of July, 2020.**

/s/ Jon D. Levy<br>
**CHIEF U.S. DISTRICT JUDGE**